**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MELISSA FULTON           *
                               *
                               *
       v.                 *        Civil No. – JFM-12-1001
                               *
MAYOR AND CITY COUNCIL    *
OF BALTIMORE             *
                              ******

## MEMORANDUM

Plaintiff has filed this action for age (63 at the time of her separation from employment) and race (Caucasian) discrimination against the Mayor and City Council of Baltimore. Discovery has been completed, and defendant has filed a motion for summary judgment.

The motion will be granted. The record establishes that plaintiff's employment as a Senior Business Development Manager in the Mayor's Office of Women in Minority-Owned Businesses was terminated when a new Mayor came into office and directed that each agency of defendant was to reduce its staff by 10%, beginning with the Mayor's Office. At the time the City was facing a significant financial crisis. There were four employees in the office in which plaintiff worked. Plaintiff was the only employee who was let go. It is undisputed that the person who recommended that plaintiff's employment be terminated had never met plaintiff and was not aware of plaintiff's age and her race.

There is absolutely no basis for inferring that plaintiff's employment was terminated on account of her race or age. Although a younger African-American whose job responsibilities were essentially the same as plaintiff's was retained in his employment, and while plaintiff alleges that her performance was better than his, differences in age and race among those who

1

are let go and those who are retained are not themselves evidence of discrimination.  *See*

*Birkbeck v. Marvel Lighting Co.*, 30 F.3d 507, 512 (4th Cir. 1994).  This is especially true in a

reduction in force case such as that presented here.  Furthermore, as just stated, neither the

person who recommended that plaintiff's employment be terminated nor the Mayor who

formally terminated her employment knew plaintiff's age and race.  When reducing the number

of jobs because of a financial crisis, absent evidence of a systemic discriminatory practice, an

employee must be given latitude to make the hard decisions that must be made.  As to the

question of systemic discrimination, it is to be noted that 70% of the employees who were laid

off were African-Americans, and one-third were under 40 years of age.

A separate order granting defendant's motion and entering judgment on its behalf is

being entered herewith.


Date:   May 23, 2013           _____/s/_____
                                J. Frederick Motz
                                United States District Judge